# EXHIBIT 1

# EXHIBIT 1

1  | Peter Strojnik, State Bar No. 6464
2  | Fabian Zazueta, State Bar No. 032687
   | *Attorneys for Plaintiff*
3  | 40 North Central Avenue, Suite 1400
   | Phoenix, AZ 85004
4  | www.AID.org
   | Telephone: (774) 768-2234
5  | Case Specific Email Address:
6  | 760WRAYRD@aadi.org

7

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler, | Case No: CV 2016-006714 |
| Plaintiff, | **SUMMONS** |
| vs. | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| MIDFIRST BANK | |
| Defendants. | |

**TO THE ABOVE NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct mail, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. When process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of process against it in this State, the insurer shall not be required to appear, answer or plead until the expiration of 40 days of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service by mail is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt of Officer's Return. **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.  **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon Plaintiff's attorney, or if Plaintiff is not represented by counsel, upon Plaintiff.

A request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the parties at least three (3) days before the scheduled court proceeding.

The name and address of Plaintiff is:

Advocates for Individuals with Disabilities, LLC and David Ritzenthaler
40 North Central Avenue, Suite 1400
Phoenix, AZ 85004

SIGNED AND SEALED this date: _____

COPY

MAY 1 7 2016

MICHAEL K. JEANES, CLERK

Clerk of Court _____

F. BOLL
DEPUTY CLERK

2

# EXHIBIT 2

# EXHIBIT 2

COPY

MAY 17 2016

MICHAEL K. JEANES, CLERK
F. BOLL
DEPUTY CLERK

1   Peter Strojnik, State Bar No. 6464
    Fabian Zazueta, State Bar No. 032687
2   *Attorneys for Plaintiff*
    40 North Central Avenue, Suite 1400
3   Phoenix, AZ 85004
    www.AID.org
4   Telephone: (774) 768-2234
5   Case Specific Email Address:
    760WRAYRD@aadi.org
6

7

8       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9       **IN AND FOR THE COUNTY OF MARICOPA**

10       CV2016-006714

11   ADVOCATES FOR INDIVIDUALS
    WITH DISABILITIES, LLC, and David   Case No:
12   Ritzenthaler, dealing with Plaintiff's sole
    and separate claim,   **VERIFIED COMPLAINT**
13

14         Plaintiff,   (Civil Rights)

15   vs.   and

16   MIDFIRST BANK   **REQUEST FOR TRIAL BY JURY**

17

18         Defendant.

19     Plaintiff alleges:

20                 **PARTIES**

21   1. Plaintiff, David Ritzenthaler, currently resides in Scottsdale, Arizona. Plaintiff is

22     and, at all times relevant hereto, has been legally disabled. Plaintiff is recognized

23     by the State of Arizona as a member of a protected class under §§41-1492 et seq.

24     and its implementing regulations, R10-3-401 et seq. ("AzDA") and by the United

25     States Congress under 42 U.S.C. § 12102(2); the regulations implementing at 28

26     CFR §§ 36.101 et seq. ("ADA") and therefore has the right of equal access public

27     accommodations. Plaintiff's right(s) as a member of the protected class have been

28     violated.

2.    Defendant, MIDFIRST BANK, owns and/or operates a business located at 760 W RAY RD   GILBERT AZ 85233 ("Public Accommodation") which is a public accommodation as defined in A.R.S. § 41-1492 and 42 U.S.C. § 12181.

## JURISDICTION

3.    This Court has original jurisdiction over the AzDA claims by virtue of A.R.S. §§ 12-123 and 41-1492.8 and concurrent jurisdiction over the ADA claims by virtue of A.R.S. § 12-123 and Article 6, Section 14(1) of the Arizona Constitution gives the superior court original jurisdiction of "[c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court."

## INTRODUCTION

4.    David Ritzenthaler brings this action against Defendant, alleging violations of AzDA, Article 8, Chapter 10 of Title 41 of the Arizona Revised Statutes, A.R.S. §§ 41-1492 *et seq.* and its implementing regulations, R10-3-401 et seq. and the ADA, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq*. Plaintiff suffers from disability as this term is defined in A.R.S. §41-1492(6) and interpreted pursuant to A.R.S. §41-1492.12. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, disabled individuals. Specifically, Defendant's Public Accommodation has barriers of access to disabled individuals by virtue of inadequacy of handicapped parking spaces, insufficient designation or signage and or insufficient disbursement of such parking spaces, notwithstanding that such modifications are readily achievable. Therefore, Plaintiff seeks a declaration that Defendant's Public Accommodation violates State and Federal law and an injunction requiring Defendant to install means of access in compliance with ADA requirements so that the Defendant's Public Accommodation is fully accessible to, and independently usable, by, disabled individuals.

5.    Plaintiff further requests that, given Defendant's historical failure to comply with the AzDA's and the ADA's mandate, the Court retain jurisdiction of this matter, for a period to be determined, to ensure that Defendant comes into compliance with the relevant requirements of the AzDA and the ADA, and to ensure that Defendant

2

has adopted, and is following, an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

6.      According to 510-3-404, all places of public accommodations and commercial facilities must comply with the 2010 Standards (as defined in R-10-3-401(1)) and the provisions of 28 CFR 36.101 through 36.104, 36.201 through 36.206, 36.208, 36.211, 36.301 through 36.311, and 36.507.

7.      In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter Strojnik, Plaintiff's attorney, 40 North Central Avenue, Suite 1400, Phoenix, AZ 85004.

**REAL PARTY IN INTEREST**

8.      Plaintiff is the real party in interest pursuant to ARCP Rule 17(a) (" a party authorized by statute may sue in that person's own name") and A.R.S. § 41-1492.08 (C) ("A person may file a civil action in superior court not later than two years after the occurrence or the termination of an alleged discriminatory public accommodation practice...")

**ALLEGATIONS COMMON TO ALL COUNTS**

9.      Plaintiff has a State issued handicapped license plate and or placard granting Plaintiff the right to park in properly designated handicapped parking spaces.

10.     On or about Tuesday, March 15 2016, Plaintiff became aware that there were insufficient handicapped parking spaces, insufficient designation or signage and or insufficient disbursement of such parking spaces in order to provide the "shortest accessible route from parking to an entrance", specifically but not limited to parking spaces by the designation "van accessible" and or fails to maintain the minimum height of 60 inches (1525 mm) above the finish floor or ground surface measured to the bottom of the sign. Therefore, Plaintiff and others similarly situated are not permitted equal access.

11.     Plaintiff attaches US Department of Justice Business Brief relating to restriping of parking lots, Exhibit 1, and US Department of Justice ADA Design Guide 1 as Exhibit 2 in order to aid non-compliant public accommodations with compliance.

12.     Plaintiff has actual knowledge of at least one barrier related to Plaintiff's disability as alleged in the preceding paragraph. Consequently, Plaintiff and others

3

similarly situated are currently deterred from visiting Defendant's Public Accommodation by this accessibility barrier. Therefore, Plaintiff has suffered an injury-in-fact for the purpose of standing to bring this action. Upon information and belief, there are other potential violations and barriers to entry that will be discovered and disclosed during the discovery and disclosure process.

13. Without the presence of adequate handicapped parking spaces, sufficient designation or signage and or sufficient disbursement of such parking spaces, Plaintiff's disability prevents Plaintiff and other disabled persons from equal enjoyment of the Defendant's Public Accommodation.

14. Plaintiff and other disabled persons have the right be able to visit Defendant's Public Accommodation in the future, for business, pleasure, medical treatment or other commercial purposes and utilize Defendant's Public Accommodation with adequate parking, sufficient designation or signage and sufficient disbursement of such parking spaces for the disabled, and remedies of other existing AzDA and ADA violations.

15. As a result of Defendant's non-compliance with the AzDA and the ADA, Plaintiff will avoid and not visit Defendant's Public Accommodation in the future unless and until all AzDA and ADA violations have been cured.

16. The existence of barriers deters Plaintiff and other disabled persons from conducting business or returning to Defendant's Public Accommodation. Upon information and belief, other disabled persons are also deterred from visiting there or otherwise precluded from frequenting Defendant's Public Accommodation due to its non-compliance with the AzDA and the ADA

17. As a result of Defendant's non-compliance with the AzDA and the ADA, Plaintiff and others similarly situated, unlike persons without disabilities, are denied equal access.

18. Upon information and belief, though Defendant may have centralized policies regarding the management and operating of its Public Accommodation, Defendant does not have a plan or policy that is reasonably calculated to make its entire facility fully accessible to and independently usable by, disabled individuals.

4

19.    Plaintiff's agents verified that Defendant's Public Accommodation lacks the mandatory elements required by the 2010 Standards to make it fully accessible to and independently usable by disabled people.

20.    As a disabled person, Plaintiff has a keen interest in whether public accommodations are fully accessible to, and independently usable by, the disabled, specifically including an interest in ensuring that parking spaces comply with the 2010 Standards.

21.    Plaintiff, or an agent of Plaintiff, intends to return to Defendant's Public Accommodation to ascertain whether it remains in violation of the AzDA and the ADA.

22.    Plaintiff and other disabled persons have been injured by Defendant's discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's facilities due to the inaccessibility and or insufficient designation of appropriate parking.

23.    Without injunctive relief, Plaintiff and other disabled persons will continue to be unable to independently use Defendant's Public Accommodation under the ADA.

24.    Plaintiff shall seek to amend the Verified Complaint upon further inspection of Defendant premises for the purpose of alleging additional violations, if any.

## COUNT ONE
### (Violation of AzDA and ADA and Negligent Compliance)

25.    Plaintiff incorporates all allegations heretofore set forth.

26.    Defendant has discriminated against Plaintiff and other disabled persons in that it has failed to make its Public Accommodation fully accessible to, and independently usable by, individuals who are disabled, in violation of AzDA, Article 8, Chapter 10 of Title 41 of the Arizona Revised Statutes, A.R.S. §§ 41-1492 *et seq.* and its implementing regulations, R10-3-401 et seq. and the ADA, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq.*

27.    Upon information and belief, Plaintiff alleges that Defendant attempted to comply with all laws including the AzDA and the ADA, but that his attempts were negligent and fell short of strict compliance. Defendant has a duty to Plaintiff and other

disabled persons to comply with the AzDA and the ADA and to do so in a non-negligent manner. Defendant's negligence has caused harm and damage to Plaintiff.

28.     Defendant has discriminated against Plaintiff and other disabled persons in that it has failed to remove architectural barriers to make its Public Accommodation fully accessible to, and independently usable by individuals who are disabled in violation of the AzDA and the ADA and, particularly, 42 U.S.C. §12182(b)(A)(iv) and Section 208.2 of the 2010 Standards, as described above. Compliance with the requirements of section 208.2 of the 2010 Standards would neither fundamentally alter the nature of Defendant's Public Accommodation nor result in an undue burden to Defendant.

29.     Compliance with AzDA and the ADA is readily achievable by the Defendant due to the low costs. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

30.     Conversely, the cessation of compliance with the ADA law is also readily achievable by redrawing the parking spaces to its original configuration and or changing signage back to the same. Therefore, injunctive relief should issue irrespective of Defendant's potential voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the Earth* case[3].

31.     Defendant's conduct is ongoing. Plaintiff invokes Plaintiff's statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees, both pursuant to statute and pursuant to the Private Attorney General doctrine.

---

[3] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000):

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

6

32.    Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the AzDA and ADA that are discussed above, Defendant's non-compliance with the AzDA and ADA' mandatory requirements may be or are likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.    A Declaratory Judgment that, at the commencement of this action, Defendant was in violation of the specific requirements of AzDA and the ADA described above, and the relevant implementing regulations of the AzDA and the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Public Accommodation was fully accessible to, and independently usable by, disabled individuals;

b.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,   a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) requiring Defendant to comply with Sections 208.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its Location is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.    Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit, expenses and attorney's fees;

d.    Irrespective of Defendants "voluntary cessation" of the AzDA and ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[4] in an amount no less than $5,000.00; and,

---

[4] As applicable to ADA cases, see *Coppi v.  City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

7

e.  Order closure of the Defendant's Public Accommodation until Defendant has fully complied with the ADA; and

f.  A finding that Defendant's attempts to comply with the AzDA and the ADA were negligent, causing damage; and

g.  Damages pursuant to A.R.S. §41-1492.09(B); and

h.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this Wednesday, May 11 2016.

Peter Strojnik, State Bar No 6464
Fabian Zazueta, State Bar No 032687
*Attorneys for Plaintiff*
40 North Central Avenue, Suite 1400
Phoenix, AZ 85004

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this Wednesday, May 11 2016.

*/s/ David Ritzenthaler*
Electronic Signature Authorized
David Ritzenthaler

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

U.S. Department of Justice
Civil Rights Division
Disability Rights Section



Americans with Disabilities Act

# ADA Business BRIEF:

## Restriping Parking Lots

### Accessible Parking Spaces

When a business restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Business Brief provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



One of eight accessible parking spaces, but always at least one, must be van accessible.

### Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

### Van-Accessible Parking Spaces

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

- a wider access aisle (96") to accommodate a wheelchair lift;

- vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and

- an additional sign that identifies the parking spaces as "van accessible."

### Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking Spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van-Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

* one out of every 8 accessible spaces        ** 7 out of every 8 accessible parking spaces

October 2001

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses, at any time day or night. Information about ADA-related IRS tax credit and deductions is also available from the ADA Information Line.

**Department of Justice**
**ADA Information Line**
**800-514-0301 (voice)**
**800-514-0383 (TTY)**

## Features of Accessible Parking Spaces for Cars



- Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.
- If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.
- Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.
- Boundary of the access aisle must be marked. The end may be a squared or curved shape.
- Two parking spaces may share an access aisle.

96" min. / 60" min. / 96" min.
2440 / 1525 / 2440

## Three Additional Features for Van-Accessible Parking Spaces



- Sign with "van accessible" and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space
- 96" min. width access aisle, level (max. slope 1:50 in all directions), located beside the van parking space
- Min. 98-inch-high clearance at van parking space, access aisle, and on vehicular route to and from van space

96" min. / 96" min. / 96" min.
2440 / 2440 / 2440

## ADA Website and ADA Business Connection

You may also view or download ADA information on the Department's ADA website at any time. The site provides access to the ADA Business Connection and the ADA design standards, ADA regulations, ADA policy letters, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. www.usdoj.gov/crt/ada/adahom1.htm

Reference:
ADA Standards for Accessible Design (28 CFR Part 36):
§ 4.1.6 Alterations; § 4.1.2 Accessible Sites and Exterior Facilities: New Construction; § 4.6.1 Parking and Passenger Loading Zones; and § 4.3 Accessible Route.                    Duplication is encouraged

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 2

U.S. Department of Justice
Civil Rights Division
*Disability Rights Section*



# A D A
Design Guide

**1** **Restriping Parking Lots**

## Accessible Parking Spaces

When a business, State or local government agency, or other covered entity restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design. Failure to do so would violate the ADA.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Design Guide provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



## Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

### Van-Accessible Parking Spaces

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

* a wider access aisle (96") to accommodate a wheelchair lift;
* vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and
* an additional sign that identifies the parking spaces as "van accessible."

One of eight accessible parking spaces, but always at least one, must be van-accessible.



## Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces    \*\* 7 out of every 8 accessible parking spaces

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses or State and local governments, at any time (day or night). Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

Department of Justice
### ADA Information Line

800-514-0301 (voice)

800-514-0383 (tty)

## Features of Accessible Parking Spaces for Cars



— Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.

— If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.

accessible route (min. 36-inch width)

Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.

Boundary of the access aisle must be marked. The end may be a squared or curved shape.

Two parking spaces may share an access aisle.

| 96" min. | 60" min. | 96" min. |
| 2440 | 1525 | 2440 |

## Three Additional Features for Van-Accessible Parking Spaces



— Sign with "van accessible" and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space

accessible route

**96" min. width access aisle**, level (max. slope 1:50 in all directions), located beside the van parking space

**Min. 98-inch-high clearance** at van parking space, access aisle, and on vehicular route to and from van space

| 96" min. | 96" min. | 96" min. |
| 2440 | 2440 | 2440 |

### Internet

You may also review or download information on the Department's ADA Internet site at any time. The site provides access to ADA regulations, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. Internet address: www.usdoj.gov/crt/ada/adahom1.htm

### Reference:

ADA Standards for Accessible Design (28 CFR Part 36):

§ 4.1.6 Alterations;
§ 4.1.2 Accessible Sites and Exterior Facilities; New Construction, and
§ 4.1.6 Parking and Passenger Loading Zones.

Duplication of this document is encouraged.

# EXHIBIT 3

# EXHIBIT 3

1   Peter Strojnik, State Bar No. 6464
    Fabian Zazueta, State Bar No. 032687
2   *Attorneys for Plaintiff*
    40 North Central Avenue, Suite 1400
3   Phoenix, AZ 85004
    www.AID.org
4   Telephone: (774) 768-2234
5   Case Specific Email Address
    760WRAYRD@aadi.org
6

COPY

MAY 1 7 2016

MICHAEL K. JEANES, CLERK
F. BOLL
DEPUTY CLERK

7

8           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10                                          CV2016-006714

11  ADVOCATES FOR INDIVIDUALS
    WITH DISABILITIES, LLC, and David       Case No:
12  Ritzenthaler, dealing with Plaintiff's sole
    and separate claim,
13                                          **CERTIFICATE OF**
14              Plaintiff,                  **ARBITRATION**

15  vs.

16  MIDFIRST BANK

17
                Defendant.
18

19      The above cause is not subject to compulsory arbitration.

20      RESPECTFULLY SUBMITTED this Wednesday, May 11 2016.

21

22

23                          Peter Strojnik, State Bar No 6464
24                          Fabian Zazueta, State Bar No 032687

25

26

27

28

# EXHIBIT 4

# EXHIBIT 4

Peter Strojnik, State Bar No. 6464
Fabian Zazueta, State Bar No. 032687
*Attorneys for Plaintiff*
40 North Central Avenue, Suite 1400
Phoenix, AZ 85004
www.AID.org
Telephone: (774) 768-2234
Case Specific Email Address
760WRAYRD@aadi.org

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler, | CV2016-006714 |
| Plaintiff, | Case No: |
| | **DISCOVERY REQUEST NO 1** |
| vs. | |
| MIDFIRST BANK, | |
| Defendants | |

**TO: DEFENDANT(S)**

## INSTRUCTIONS FOR USE

A. All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees or other representatives of the named party.

B. When an individual interrogatory calls for an answer which involves more than one part, each part of the answer should clearly set out so that it is understandable.

C. When the terms "you", "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

D. When the term "document" is used, it is meant to include every "writing", "recording" and photograph" as those terms are defined in Rule 1001, Ariz. R. Evid.

E. Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

F. Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

G. Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meeting, conferences and other written or verbal exchanges which relate to the contract.

H. Where the term "ADA" is used, it refers to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq.*

I. Where the term "AzDA" is used, it refers to A.R.S. §§ 41-1492 *et seq.* and its implementing regulations, R10-3-401 et seq.

J. Where the term "Standards" is used, it refers to 2010 Standards of Accessibility Design promulgated by the United States Department of Justice.

K. Where the term "Public Accommodation" is used it refers to the facility referenced in the Verified Complaint, its management and ownership.

Pursuant to Arizona Rules of Civil Procedure, Rules 26 through 37, please provide the following discovery:

## UNIFORM CONTRACT INTERROGATORIES

Please answer Uniform Contract Interrogatories 1, 2, 4, 5, 6, 7, 8, 9, 10 and 11.

## REQUESTS FOR ADMISSIONS

1. Admit that the public accommodation which is the subject matter of the Verified Complaint was in violation of the AzDA, the ADA and the Standards.

    ADMIT _____    DENY_____

2. Admit that the public accommodation which is the subject matter of the Verified Complaint does not have policies regarding the operation and management of the Public Accommodation.

2

ADMIT _____          DENY_____

3. Admit that the Public Accommodation which is the subject matter of the Verified Complaint does not have a plan or policy that is reasonably calculated to make its entire public accommodation fully accessible to and independently usable by disabled individuals.

ADMIT _____          DENY_____

## NON-UNIFORM CONTRACT INTERROGATORIES
**(If spaces provided below are insufficient to fully disclose requested information, please attach additional sheets referencing the proper interrogatory)**

1. If you did not unconditionally admit each of the Requests for Admission above, please state all facts and legal considerations for your denial.

2. Please describe all actions you or anyone on your behalf have/has taken since 1991 to comply with the AzDA, the ADA and the Standards.

3

1
2
3
4
5
6
7
8
9
10
11    3. Please describe in detail any actual or suspected non-compliance of the Public
12    Accommodation with the AzDA, the ADA or the Standards.
13
14
15
16
17
18
19
20
21
22
23
24
25    4. Please identify the person or entity responsible for the Public Accommodation's
26    compliance with the AzDA, the ADA and the Standards.
27
28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5. Please identify by name, address, telephone number, e-mail address any and all tenants who rent or lease space at the Public Accommodation.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce any and all policies regarding the operation and management of the Public Accommodation, including, without limitation, any plan or policy that is

5

reasonably calculated to make its entire pubic accommodations fully accessible to and independently usable by disabled individuals.

2.  Please produce any and all architectural drawings, plats, maps and schematics for the Public Accommodation.

3.  Please produce any and all rental or lease agreements for any space within the Public Accommodation effective on the date of the filing of the Verified Complaint until the present. Further produce all rental/lease applications and financial records of each renter or tenant.

4.  If you claim that compliance with the AzDA, the ADA and/or the Standards is not readily achievable, please produce your complete financial records for the 5 years preceding the issuance of this Discovery Request No 1. These records include, without limitation, tax records, profit and loss statements, income statements, bank statements, credit applications,

RESPECTFULLY SUBMITTED this Wednesday, May 11 2016.

Peter Strojnik, State Bar No 6464
Fabian Zazueta, State, State Bar No 032687
*Attorneys for Plaintiff*

# EXHIBIT 5

# EXHIBIT 5

LAW OFFICES
SHERMAN & HOWARD L.L.C.
7033 EAST GREENWAY PARKWAY, SUITE 250
SCOTTSDALE, ARIZONA 85254
TELEPHONE: (480) 624-2710
FAX: (480) 624-2029
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Lori Wright Keffer (AZ Bar No. 028144)
(LKeffer@ShermanHoward.com)
Matthew Hesketh (AZ Bar No. 029319)
(MHesketh@ShermanHoward.com)
*Attorneys for Defendant*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES, LLC and DAVID RITZENTHALER,<br><br>Plaintiffs,<br><br>v.<br><br>MIDFIRST BANK,<br><br>Defendant. | Case No. CV-2016-006714<br><br>**STIPULATION TO EXTEND THE DEADLINE FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT** |

Defendant MidFirst Bank ("Defendant"), and Plaintiffs Advocates for Individuals with Disabilities, LLC and David Ritzenthaler (collectively, "Plaintiffs") hereby stipulate that Defendant may have an extension until and including June 21, 2016 to file an answer or otherwise respond to Plaintiffs' complaint. The parties request this extension in order to facilitate settlement discussions between them. It is made in good faith and not for any improper purpose. A proposed form of order is submitted herewith.

RESPECTFULLY SUBMITTED this 7th day of June, 2016

SHERMAN & HOWARD L.L.C.

By:    /s/John Alan Doran
          John Alan Doran
          Lori Wright Keffer
          Matthew A. Hesketh
          7033 East Greenway Parkway, Suite 250

Active/43078933.1

1
                                 Scottsdale, Arizona 85254
                                 *Attorneys for Defendant*

2

3           **STROJNIK P.C.**

4

5           By:     */s/Peter Strojnik (with permission)*
                       Peter Strojnik (AZ Bar. No. 006464)

6                        40 North Central Ave., Ste. 1400
                       Phoenix, AZ 85004

7                        *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

ORIGINAL electronically filed
this 7th day of June 2016:

COPY of the foregoing e-mailed and mailed
this 7th day of June 2016 to:

Peter Strojnik
STROJNIK P.C.
40 North Central Ave., Ste. 1400
Phoenix, AZ 85004
*Attorneys for Plaintiffs*


    /s/Lori Hinkel

LAW OFFICES
SHERMAN & HOWARD L.L.C.
7033 EAST GREENWAY PARKWAY, SUITE 250
SCOTTSDALE, ARIZONA 85254
TELEPHONE: (480) 624-2710
FAX: (480) 624-2029
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Lori Wright Keffer (AZ Bar No. 028144)
(LKeffer@ShermanHoward.com)
Matthew Hesketh (AZ Bar No. 029319)
(MHesketh@ShermanHoward.com)
*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES, LLC and DAVID RITZENTHALER,<br><br>Plaintiffs,<br><br>v.<br><br>MIDFIRST BANK,<br><br>Defendant. | Case No. CV-2016-006714<br><br>**[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND THE DEADLINE FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT** |

Pursuant to the stipulation of Defendant MidFirst Bank ("Defendant"), and Plaintiffs Advocates for Individuals with Disabilities, LLC and David Ritzenthaler (collectively, "Plaintiffs"), and good cause appearing:

IT IS HEREBY ORDERED granting the stipulation and extending the deadline for Defendant to file an answer or otherwise respond to Plaintiffs' complaint until and including June 21, 2016.

SO ORDERED this _____ day of June, 2016.

BY THE COURT

_____
Honorable Douglas Gerlach

Active/43078928.1

TurboCourt - Legal Paperwork Assistance - Filing Details                    Page 1 of 1



**Hinkel, LoriAnn**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Tuesday, June 07, 2016 2:10 PM |
| **To:** | efiling; McCue, Roxie; Hinkel, LoriAnn |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #1825790 has been DELIVERED to Maricopa County.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2016-006714 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Advocates For Individuals With Disabilities L L C,
Filed By: John A Doran
AZTurboCourt Form Set: #1825790
Keyword/Matter #: 1907/MidFirst
Delivery Date and Time: Jun 07, 2016 2:10 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)

Attached Documents:
Stipulation: Stipulation to Extend the Deadline for Defendant to Answer
Proposed Order/Judgment (Supporting): proposed Order

1

# EXHIBIT 6

# EXHIBIT 6

Granted as Submitted
***See eSignature page***

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
D. Arrieta, Deputy
6/10/2016 8:00:00 AM
Filing ID 7483205

LAW OFFICES
SHERMAN & HOWARD L.L.C.
7033 EAST GREENWAY PARKWAY, SUITE 250
SCOTTSDALE, ARIZONA 85254
TELEPHONE: (480) 624-2710
FAX: (480) 624-2029
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Lori Wright Keffer (AZ Bar No. 028144)
(LKeffer@ShermanHoward.com)
Matthew Hesketh (AZ Bar No. 029319)
(MHesketh@ShermanHoward.com)
*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES, LLC and DAVID RITZENTHALER, | Case No. CV-2016-006714 |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING STIPULATION TO EXTEND THE DEADLINE FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT** |
| v. | |
| MIDFIRST BANK, | |
| Defendant. | |

Pursuant to the stipulation of Defendant MidFirst Bank ("Defendant"), and Plaintiffs Advocates for Individuals with Disabilities, LLC and David Ritzenthaler (collectively, "Plaintiffs"), and good cause appearing:

IT IS HEREBY ORDERED granting the stipulation and extending the deadline for Defendant to file an answer or otherwise respond to Plaintiffs' complaint until and including June 21, 2016.

SO ORDERED this _____ day of June, 2016.

BY THE COURT

_____
Honorable Douglas Gerlach

Active/43078928.1

# eSignature Page 1 of 1

Filing ID: 7483205   Case Number: CV2016-006714
Original Filing ID: 7475642

**Granted as Submitted**



/S/ Douglas Gerlach Date: 6/9/2016

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2016-006714                SIGNATURE DATE: 6/9/2016

E-FILING ID #: 7483205                          FILED DATE: 6/10/2016 8:00:00 AM

JOHN A DORAN

PETER STROJNIK

# EXHIBIT 7

# EXHIBIT 7

1

LAW OFFICES
SHERMAN & HOWARD L.L.C.
7033 EAST GREENWAY PARKWAY, SUITE 250
SCOTTSDALE, ARIZONA 85254
TELEPHONE: (480) 624-2710
FAX: (480) 624-2029
(AZ BAR FIRM NO. 00441000)

2

3    John Alan Doran (AZ Bar No. 012112)
     (JDoran@ShermanHoward.com)

4    Lori Wright Keffer (AZ Bar No. 028144)
     (LKeffer@ShermanHoward.com)

5    Matthew Hesketh (AZ Bar No. 029319)
     (MHesketh@ShermanHoward.com)

6    *Attorneys for Defendant*

7         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8          **IN AND FOR THE COUNTY OF MARICOPA**

9    ADVOCATES FOR INDIVIDUALS WITH
     DISABILITIES, LLC and DAVID              Case No. CV2016-006714

10   RITZENTHALER,
                                              **NOTICE OF FILING NOTICE OF**
11                Plaintiffs,                 **REMOVAL**

12   v.                                       (Assigned to Hon. Douglas Gerlach)

13   MIDFIRST BANK,

14                Defendant.

15         Notice is hereby given that Defendant MidFirst Bank is on this date filing a

16   Notice of Removal of this litigation to the United States District Court for the District of

17   Arizona.  A copy of the Notice of Removal (exclusive of exhibits) is attached hereto as

18   Exhibit A.

19         RESPECTFULLY SUBMITTED this 17th day of June, 2016

20                          **SHERMAN & HOWARD L.L.C.**

21
                    By:    */s/John Alan Doran*
22                         John Alan Doran
                           Lori Wright Keffer
23                         Matthew A. Hesketh
                           7033 East Greenway Parkway, Suite 250
24                         Scottsdale, Arizona 85254
                           *Attorneys for Defendant*
25

26

27

28

## **CERTIFICATE OF SERVICE**

ORIGINAL electronically filed
this 17th day of June 2016:

COPY of the foregoing e-mailed and mailed
this 17th day of June 2016 to:


Peter Strojnik
Fabian Zazueta
40 North Central Ave., Suite 1400
Phoenix, Arizona 85004
*Attorneys for Plaintiffs*


_/s/Lori Hinkel_____

# EXHIBIT A

# EXHIBIT A

LAW OFFICES
SHERMAN & HOWARD L.L.C.
7033 EAST GREENWAY PARKWAY, SUITE 250
SCOTTSDALE, ARIZONA 85254
TELEPHONE: (480) 624-2710
FAX: (480) 624-2029
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Lori Wright Keffer (AZ Bar No. 028144)
(LKeffer@ShermanHoward.com)
Matthew Hesketh (AZ Bar No. 029319)
(MHesketh@ShermanHoward.com)
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES, LLC and DAVID RITZENTHALER, <br><br> Plaintiffs, <br><br> v. <br><br> MIDFIRST BANK, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)** <br><br> (Maricopa County Superior Court Case No. CV2016-006714) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant MidFirst Bank ("Defendant"), hereby removes the State Court Action defined below to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331. Removal is based on the following:

Plaintiffs commenced a civil action on May 17, 2016 in Maricopa County Superior Court under Case No. CV2016-006714 and captioned as *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. MidFirst Bank* (the "State Court Action"). Defendant was served with the Complaint in the State Court Action on May 18, 2016.

The Complaint in the State Court Action asserts one cause of action against Defendant for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* (the "ADA"), and its Arizona counterpart, A.R.S. § 41-1492 *et seq.* (the "AZDA").

1      Without admitting the truth of any allegation against Defendant, Plaintiffs allege
2  that (i) David Ritzenthaler is a disabled person as that term is defined under the ADA
3  and AZDA and (ii) Defendant operates an alleged public accommodation that allegedly
4  has "barriers of access to disabled individuals by virtue of inadequacy of handicapped
5  parking spaces, insufficient designation or signage and or insufficient disbursement of
6  such parking spaces." (Complaint ¶¶ 4, 10, 26-32.)  Plaintiffs also allege that Defendant
7  has failed to identify parking spaces by the designation "van accessible" or failed to
8  "maintain the minimum height of 60 inches (1525 mm) above the finish floor or ground
9  surface measured to the bottom of the sign." (Complaint ¶ 10.)

10      The State Court Action is a civil action involving a federal question arising under
11  the ADA.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and the
12  State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

13      Venue is proper in the United States District Court for the District of Arizona
14  pursuant to 28 U.S.C. § 1441(a) because the Maricopa County Superior Court is located
15  within the United States District of Arizona.

16      Defendant consents to removal, and there are no other defendants in the State
17  Court Action.  This Notice of Removal is filed within thirty days of Defendant's initial
18  receipt of Plaintiffs' Complaint.  It therefore is filed within the time limits set forth in 28
19  U.S.C. § 1446(b).

20      A demand for jury trial was made in state court by Plaintiffs.  Defendant hereby
21  demands trial by jury on all issues in the case pursuant to Rule 38(b), Federal Rules of
22  Civil Procedure.

23      Pursuant to 28 U.S.C. §1446(a) and L.R.Civ. 3.6(b), undersigned counsel hereby
24  verifies that Exhibits 1 through 6 attached hereto are true and complete copies of all
25  papers in Defendant's possession in connection with the State Court Action.  Exhibit 1
26  is a copy of the Summons.  Exhibit 2 is a copy of Plaintiffs' Verified Complaint.
27  Exhibit 3 is a copy of the Certificate of Arbitration.  Exhibit 4 is a copy of Plaintiff's
28  Discovery Request No. 1.  Exhibit 5 is a copy of the parties' Stipulation to Extend the

1  Deadline for Defendant to Answer or Otherwise Respond to Plaintiffs' Complaint.

2  Exhibit 6 is a copy of the Maricopa County Superior Court's Order Granting Stipulation

3  to Extend Deadline for Defendant to Answer or Otherwise Respond to Plaintiffs'

4  Complaint.

5        Counsel for Defendant hereby certifies pursuant to 28 U.S.C. § 1446(a) that this

6  Notice of Removal filed on behalf of Defendant is signed pursuant to Rule 11 of the

7  Federal Rules of Civil Procedure.

8        Counsel for Defendant hereby certifies pursuant to L.R.Civ. 3.6(a) that a Notice

9  of Filing Notice of Removal, a true and correct copy of which is attached as Exhibit 7,

10  has been filed with the Clerk of the Maricopa County Superior Court on behalf of

11  Defendant.

12        Based on the foregoing, the State Court Action is properly removed to this Court.

13  RESPECTFULLY SUBMITTED this 17th day of June, 2016

14                          **SHERMAN & HOWARD L.L.C.**

15

16        By:    */s/John Alan Doran*
                 John Alan Doran
17               Lori Wright Keffer
                 Matthew A. Hesketh
18               7033 East Greenway Parkway, Suite 250
                 Scottsdale, Arizona 85254
19               *Attorneys for Defendant*

20

21

22

23

24

25

26

27

28

                                3

## CERTIFICATE OF SERVICE

ORIGINAL electronically filed
this 17th day of June 2016:

COPY of the foregoing e-mailed and mailed
this 17th day of June 2016 to:

Peter Strojnik
Fabian Zazueta
40 North Central Ave., Suite 1400
Phoenix, Arizona 85004
*Attorneys for Plaintiffs*


        /s/Lori Hinkel

TurboCourt - Legal Paperwork Assistance - Your Payment was Successful    Page 1 of 1



| | you are working with form set # 1837859 |
|---|---|

**TurboCourt**    Timeout in 30 min | User: **jdoran1**    ⚙ Home  ⚙ Your Profile  ⚙ Quit  ⚙ Support

## Your Payment was Successful

| | | | |
|---|---|---|---|
| Form Set | 1837859 | Case # | CV2016-006714 |
| Keyword/Matter # | 1907-065121.006 | Status | Filing Pending |
| Service | e-File | Payment Amount | $ 6.00 |
| Filing Type | General Civil - Superior Court | Location | Maricopa - Superior Court |

Payment Transaction # **1U896283244521037**

**VIEW PAYMENT RECEIPT**    **VIEW FORM SET**

ver. 10.14.1-s20                          Copyright © 2016 Intresys, Inc.

https://...court.com/go.jsp?act=actProcessPayRelPayLinkPayment&CorId=ef4a21c7-67...    6/17/2016



## Hinkel, LoriAnn

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Friday, June 17, 2016 4:08 PM |
| **To:** | efiling; McCue, Roxie; Hinkel, LoriAnn |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #1837859 has been DELIVERED to Maricopa County.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2016-006714 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Advocates For Individuals With Disabilities L L C,
Filed By: John A Doran
AZTurboCourt Form Set: #1837859
Keyword/Matter #: 1907-065121.006
Delivery Date and Time: Jun 17, 2016 4:07 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice of Filing Notice of Removal
Exhibit/Attachment (Supporting): Exhibit A