Peter Strojnik, State Bar No. 6464
**Strojnik P.C.**
1 East Washington St.
Suite 500
Phoenix, AZ 85004
Attorneys for Plaintiff

Fabian Zazueta, State Bar No. 032687
**Advocates for Individuals with Disabilities**
40 North Central Ave
Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org
760WRayRd@aaid.org

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities LLC, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MidFirst Bank., <br><br> Defendant. | Case No: CV-16-01969-PHX-NVW <br><br> **PLAINTIFF'S MOTION TO REMAND** <br><br> **(Assigned to the Hon. Neil Wake)** |

Plaintiff Advocates for Individuals with Disabilities Foundation, LLC ("AID") respectfully requests that this court decline jurisdiction in this matter and remand Plaintiff's causes of action to State Court.

**I.    AID has Standing in Arizona State Court**

While the Americans with Disabilities Act's ("ADA") purpose is sweeping, "to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) *citing* U.S. Const. art. III.

However, "the constraints of Article III [of the United States Constitution] do not apply to state courts," *Mayer Unified Sch. Dist. v. Winkleman*, 220 Ariz. 378, 388, 207 P.3d 631, 641 (Ct. App. 2008) *citing Asarco Inc. v. Kadish*, 490 U.S. 605, 617 (1989). State courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law. Arizona, specifically, has no counterpart to the federal "case or controversy" requirement. "[T]he question of standing in Arizona is not a constitutional mandate since we have no counterpart to the 'case or controversy' requirement of the federal constitution." *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs.*, 148 Ariz. 1, 6, 712 P.2d 914, 919 (1985) *citing State v. B Bar Enterprises*, 133 Ariz. 99, 649 P.2d 978 (1982). Plaintiff brought claims in State Court, as is its right. Its attorneys analyzed standing for purposes of the forum in which the action was filed.

In addition to the key standing differences between Federal Courts and Arizona State Courts, Arizona's counterpart to the federal ADA, A.R.S. 41-1492 ("AZDA"), greatly enlarges the field of parties who may assert a civil action for violation of the ADA. Under the civil enforcement section of the AZDA "Any person who believes" a violation of the state statute has occurred "may institute a civil action." The state legislation does not require a person with a disability to engage in a civil action. Plaintiff, in this action,

satisfies the standard of any person who believes a violation of the requirements of the AZDA has occurred. While this Court does not have jurisdiction over the claims at issue under the *Chapman* and Article III analysis, Arizona State Courts will have jurisdiction to hear the controversies. Arizona state courts do not impose the requirements of Article III and Arizona state statute specifically grants parties like Plaintiff the right to file civil actions just like the present action.

## II.     Remand is Appropriate Even After Dismissal

While remand without any action of dismissal is appropriate, even if this Court elected to dismiss Plaintiff's claims, remand is still required by law because remand is the proper response to dismissal for lack of subject matter jurisdiction. 28 U.S.C. §1447(c). The only opportunity for this court to dismiss without remand is in an instance "where there is absolute certainty that remand would prove futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). As shown above, there is not just uncertainty concerning futility, but a strong likelihood that Plaintiff's claims will survive any jurisdiction challenge in Arizona State Courts.

Furthermore, this Court should remand <u>all</u> causes of action including Federal ADA claims and State AZDA claims. State Courts have concurrent jurisdiction to hear the claims. *Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 821 (1990). Due to flexible state standing requirements, even if this court believes dismissal is appropriate, remand of all claims to state court where Plaintiff originally filed is the appropriate action.

## III.    Conclusion

Plaintiff, after conducting jurisdictional analysis, filed its claims in state court. While Defendant has given notice of removal, this Court lacks subject matter jurisdiction and should therefore remand this case back to Arizona state court.

RESPECTFULLY SUBMITTED this 2nd day of November, 2016.

**STROJNIK P.C.**

_____
Peter Strojnik, Esq.
Attorney for Plaintiff

**ADVOCATES FOR INDIVIDUALS WITH DISABILITIES**

/s/ Fabian Zazueta
Fabian Zazueta
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2nd 2016, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

/s/   Sydney Rogers