IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler,<br><br>                Plaintiffs,<br><br>v.<br><br>MidFirst Bank,<br><br>                Defendant. | No. CV-16-01969-PHX-NVW<br><br>**ORDER** |

Before the Court are two pending matters. First is the Court's Order to Show Cause (Doc. 20) and Plaintiffs' Response (Doc. 22) concerning whether Plaintiffs have standing. The Court gave Plaintiffs until October 17, 2016, to file an amended complaint if they wish to allege more that could affect standing. Plaintiffs filed no amended complaint. For the reasons stated in the Order to Show Cause (Doc. 20), Plaintiffs have not alleged sufficient standing to invoke federal jurisdiction. The standing and jurisdictional allegations in this case are materially identical to those found insufficient in *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, No. CV-16-02375-PHX-DGC, 2016 WL 5436810, at *1 (D. Ariz. Sept. 29, 2016), an action filed by the same counsel. This Court adopts the analysis and discussion of the court in that case.

Also before the Court is Plaintiff's Motion to Remand (Doc. 24), which seeks remand to the state court of both the parallel state law claim and of the federal Americans with Disabilities Act claim. Therefore, the Court must determine whether the parallel

state law claims must be remanded to the state court or dismissed because it is "absolutely certain" that Plaintiff would not be allowed to proceed in state court due to lack of injury and standing. *Bell v. City of Kellogg,* 922 F.2d 1418, 1424 (9th Cir. 1991). It is necessary to have additional information before that question can be answered.

As background to the inquiries stated below, the Court is aware from several news media accounts widely disseminated in this community that Plaintiffs' counsel Peter Strojnik has filed more than a thousand similar cases in the Arizona Superior Court. Many, like this one, have been removed to federal court. It appears from those reports that Mr. Strojnik files those actions without prior demand on the defendants and without opportunity to cure before litigation. It appears that many of the alleged violations are easily cured with minimal expense. Mr. Strojnik has stated in some news reports that he always insists that the defendant pay him $7,000 in attorney fees to dismiss the case, even after immediate remediation at trivial cost and minimal effort by Mr. Strojnik.

This raises a question of whether Mr. Strojnik has engaged in a pattern of professionally unethical conduct by demanding attorney fees for bringing litigation that is unnecessary and for which the reasonable attorney fees would be nothing. There is a similar question whether he has engaged in a pattern of professionally unethical conduct, even if some attorney fees could be sought, by demanding payment of fees in a highly unreasonable amount. The circumstances raise the question whether Mr. Strojnik has used these cases to abuse people with unethical fee demands that are more economical to pay than defeat. These questions could bear upon whether in this case it is absolutely certain that Arizona law would not indulge the rare allowance of litigation without an injured plaintiff. These questions must be explored to decide whether this action should be remanded in whole or in part or dismissed entirely.

IT IS THEREFORE ORDERED that Plaintiffs' counsel Peter Strojnik and Fabian Zazueta appear in person on November 28, 2016, at 9:30 a.m. to give full answers to the following questions:

- 2 -

1. Did Mr. Strojnik make a pre-suit demand on Defendant in this case? If so, what was the demand?

2. Has Mr. Strojnik generally not given pre-suit demands before filing actions of this nature? If he has generally given pre-suit demands, what have they been? What is the approximate percentage of cases of this nature in which Mr. Strojnik has not given pre-suit demand?

3. Has Mr. Strojnik generally demanded some amount of money to dismiss cases of this nature, regardless of the defendant's immediate remediation and of variations of actual time spent on each case? If so, what has the amount been?

IT IS FURTHER ORDERED that Plaintiffs file by 5:00 p.m. on November 25, 2016, a memorandum of law addressing:

1. Whether it violates the Arizona Rules of Professional Conduct in a fee recovery case to demand payment of attorney fees from an opposing party that is unreasonably high.

2. Whether it violates the Arizona Rules of Professional Conduct to charge a client attorney fees for litigation services in an action that could have been resolved by a request and without a lawsuit.

3. Whether it violates the Arizona Rules of Professional Conduct in a fee recovery case to demand payment from an opposing party of attorney fees for litigation services in an action that could have been resolved by a request and without a lawsuit.

4. All Arizona cases allowing litigation to proceed without party standing.

5. Any reason why it is less than absolutely certain that under Arizona law this action would not be allowed to proceed without injury and standing.

Dated this 16th day of November, 2016.

Neil V. Wake
Senior United States District Judge