

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

**MARK BRNOVICH**
ATTORNEY GENERAL

CIVIL LITIGATION DIVISION

December 8, 2016

*Via CM/ECF filing*

The Honorable Neil V. Wake
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003-2154

Re: *Advocates for Individuals with Disabilities LLC & David Ritzenthaler v. MidFirst Bank*, Case No. 2:16-cv-01969-PHX-NVW

Dear Judge Wake:

  The Arizona Attorney General's Office recently filed a comprehensive Motion to Dismiss over a thousand pending cases in Maricopa County Superior Court in *Advocates for Individuals with Disabilities Foundation, Inc. et al. v. Consolidated Defendants*, No. CV2016-090506 (consol.) (the "Motion"). The Motion is attached as Exhibit 1 to this letter. The exhibits to the Motion are attached as Exhibit 2.

  The State believes that the information and arguments contained in the Motion are relevant to one of this Court's question for its upcoming order-to-show-cause hearing: whether, under Arizona law, the instant action would be allowed to proceed without injury and standing. Counsel for Plaintiffs contends that there is a "strong likelihood that Plaintiff's claims will survive any jurisdictional challenge in Arizona State Courts." Dkt. 29 at 8. The State respectfully disagrees.

  As detailed in the Motion, the State holds the following positions. First, Arizona has a "rigorous" standing requirement, and claims identical to Plaintiffs' in this case would not be allowed to proceed because Plaintiffs do not allege a "distinct and palpable injury," and do not present cases involving true adversaries with ripe claims. *E.g.*, Exh. 1 at 3 (page citations are to the page of the Motion, as denoted at the bottom of the Motion). Second, although Arizona cases have described the state-court standing requirement as prudential, neither the Arizona courts nor the Legislature can waive standing under the circumstances presented in this case—a private plaintiff suing another private party. *Id.* at 13-14. Nor would Arizona courts find "exceptional

December 8, 2016
Page 2

circumstances," even if they could waive standing. *Id.* Finally, Plaintiffs' contention that "any person" in A.R.S. § 41-1492.08 somehow waives the standing requirement is incorrect as a matter of statutory interpretation, and this language should be interpreted to refer to any person with standing. *Id.* at 14-15.

Thank you for your consideration of this letter brief.

Sincerely,

*Matthew du Mée*

Matthew du Mée
Assistant Attorney General