Peter Strojnik, (006464)
Strojnik P.C.
1 East Washington St.
Suite 500
Phoenix, AZ 85004

Fabian Zazueta, (032687)
Advocates for Individuals with Disabilities
40 North Central Ave
Suite 1400
Phoenix, AZ 85004
Telephone:    (774) 768-2233
fabian@aid.org
760WRayRd@aadi.org
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities LLC, and David Ritzenthaler, <br><br> Plaintiffs, <br><br> v. <br><br> MidFirst Bank, <br><br> Defendant. | Case No: 2:16cv-01969-PHX-NVW <br><br> **RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO SUBMIT AMICUS CURIAE LETTER BRIEF** |

Plaintiffs, Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler submit this Response in Opposition to the Motion to Leave to File an *Amicus Curiae* Letter Brief (Doc. 31).

## **Memorandum of Points and Authorities**

### I.    **The Attorney General Has no Inherent Right to file a Brief as *Amicus Curiae***

There is no inherent right of a non-party to file a brief as *amicus curiae. Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). It is left entirely to the discretion of the district court. *Id.; Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982*); Overton Power Dist. No. 5 v. Watkins*, 829 F. Supp. 1523, 1528 (D. Nev. 1993) (Pro, J.), *overturned on other grounds by Overton Power Dist. No. 5 v.* O'Leary, 73 F.3d 253 (9th Cir. 1996).

## II.    The Motion is Neither Timely nor Useful

A court may grant leave to appear as an amicus if the information offered is "timely and useful." *Long*, 49 F. Supp. 2d at 1178 (citing *Waste Management of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (E.D. Pa. *1995)).* The Motion seeks to oppose remand of this action. Plaintiffs filed a Motion to Remand on November 2, 2016. The Attorney General's opposition to Plaintiffs' stated position comes on a date 36 days after Plaintiffs stated their positions on Remand to the Court. The motion was filed less than two business days before the scheduled hearing. It is of little use and of great burden to the parties to contend with filings of non-parties that arrive after deadlines and at the eleventh hour before oral argument.

## III.    Leave to File Would Merely Extend Defendant's Arguments

Although an *amicus* need not be totally disinterested, the partiality, or lack thereof, of an amicus is a factor to be considered in deciding whether to allow participation. *Waste Management*, 162 F.R.D. at 36; *Watkins*, 829 F. Supp. at 1528 ("Historically, an *amicus curiae* is impartial . . . ."). As noted by Judge Richard Posner of the United States Court of Appeals for the Seventh Circuit "[a]fter 16 years of reading *amicus curiae* briefs the vast majority of which have not assisted the judges":

> The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, **in effect merely extending the length of the litigant's brief**. Such amicus briefs should not be allowed. They are an abuse. **The term "amicus curiae" means friend of the court, not friend of a party**.

*Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997) (emphasis added) (*citing United States v. Michigan, 940 F.2d 143, 164-65 (6th Cir. 1991)*); *see also Long*, 49 F. Supp. 2d at 1178; *United States v. Gotti*, 755 F. Supp 1157, 1158 (E.D.N.Y. 1991)(*quoting Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970); *See also Wyatt by and through Rawlins v. Hanan*, 868 F.Supp 1356, 1358 (M.D.Ala. 1994)(acknowledging that "[t]he named

1 parties should always remain in control, with the amicus merely responding to the issues presented

2 by the parties. An *amicus* cannot initiate, create, extend, or enlarge issues).

3          The Attorney General is not an impartial non-party to the underlying litigation. In their

4 Motion for Leave, the Attorney General seeks to file its *amicus curiae* letter brief "in support of

5 Defendant in this Action." (Doc. 31). Their motion was not filed to assist the Court, but instead

6 for the express purpose of opposing Plaintiffs' Motion for Remand. (Doc. 24). The transparent

7 lack of impartiality weighs against granting a motion for leave to file a brief as an amicus curiae

8 and casts doubt on the usefulness of the filings. *Waste Management* 162 F.R.D. at 36; *Overton*

9 *Power Dist. No. 5 v. Watkins*, 829 F. Supp. 1523, 1528 (D. Nev. 1993).

10     **IV.     The Motion Fails to Discuss Relevant Factors**

11          While there are no express provisions in the Federal Rules of Civil Procedure or this Court's

12 rules that specifically dictate procedures for filing *amicus* briefs, most District Courts look for

13 guidance to Federal Rule of Appellate Procedure 29 and/or Supreme Court Rule 37. *See Waste*

14 *Management at* 36; *Pennsylvania Environmental Defense Foundation v. Bellefonte Borough*, 718

15 F. Supp. 431, 434-5 (M.D.Pa. 1989); *see also, U.S. v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y

16 1991) (denying leave to file an *amicus* brief after consideration of the Rule 29 factors). The lack

17 of *amicus* rules for district courts reveals the rarity and unusual nature of the Arizona Attorney

18 General's request. Were the Attorney General permitted to file an amicus brief, a more appropriate

19 location would be in the appellate courts, which have rules governing the procedure. Notably,

20 there are cases pending in the Arizona Court of Appeals which discuss the issues raised in

21 Plaintiff's Motion to Remand (Doc. 24), the Order to Show Cause (Doc. 26) and the proposed

22 Letter Brief (Doc 32).

23          As noted, Fed. Rules App. Proc. R. 29 provides guidance to district courts when parties

24 seek to file an amicus brief. The rule directs interveners to state within the Motion for Leave (A)

25 the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters

26

asserted are relevant to the disposition of the case.  Fed. R. App. P. R. 29(a)(3)(A)-(B). The Motion for Leave fails to identify the movant's interest. In fact, the Arizona Attorney General has no interest in helping a major state bank dismiss causes of action for statutory violations. The Attorney General, by requirement of A.R.S. 41-1492.09, is tasked with opposing parties like MidFirst Bank when those places of public accommodation discriminate against individuals with disabilities. The Motion for Leave fails to state why an amicus brief is desirable. In this case, an amicus brief filed mere days before a hearing is undesirable and serves largely to burden the parties and duplicate defendant's position. *See Michigan*. The Motion for Leave fails to state why the matters asserted are relevant to the disposition of the case. In the current action, the Court, *sua sponte*, ordered attorneys to show cause on various issues of law. The Motion claims to appear in support of Defendant, but the current procedural posture is one of response to Court inquiry.

Notably, the Motion for Leave (Doc. 31) itself failed to await the Court's decision on the requested leave to file. The Motion for Leave did not include potential filings as exhibits, but rather promptly filed its Brief without court approval (Doc. 32). If this Court denies the Motion for Leave (Doc. 31), the separately filed Brief (Doc. 32) should be stricken.

## V.      Conclusion

For the reasons discussed above, Plaintiffs respectfully request that this Court deny the Motion for Leave and strike the Attorney General's Letter Brief.

/ / /

/ / /

/ / /

**RESPECTFULLY SUBMITTED** this December 9, 2016.

**STROJNIK P.C.**

By:

Peter Strojnik, Esq.
Attorney for Plaintiffs

**ADVOCATES FOR INDIVIDUALS WITH DISABILITIES FOUNDATION**

By: */s/Fabian Zazueta*
Fabian Zazueta, Esq.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2016, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

By: */s/ Patti Lesser*